**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ANDRZEJ MARKOW, | ) | Case No. 05-38812 |
| | ) | |
| Debtor, | ) | Chapter 7 |
| | ) | |
| | ) | |
| HENRY KRAMER AS TRUSTEE AND FIDUCIARY OF INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTSMEN LOCAL 74, BOARD OF TRUSTEES OF THE MASONS AND PLASTERERS PENSION FUND LOCAL UNION NO. 74 OF DUPAGE COUNTY, ILLINOIS, BOARD OF TRUSTEES OF THE BRICKLAYERS AND ALLIED CRAFTWORKERS WELFARE FUND, LOCAL UNION NO. 74 OF DUPAGE COUNTY, ILLINOIS, BOARD OF TRUSTEES OF THE DISTRICT COUNCIL TRAINING CENTER FUND, BOARD OF TRUSTEES OF THE BRICKLAYERS AND TROWEL TRADES INTERNATIONAL PENSION FUND, BOARD OF TRUSTEES OF THE INTERNATIONAL MASONRY INSTITUTE, PROMOTIONAL TRUST, | ) | Adversary Proceeding No. 05 A 02768<br><br>The Hon. Judge Eugene R. Wedoff |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ANDREW MARKOW d/b/a STUCCO SYSTEM CO., | ) | |
| | ) | |
| Defendants. | ) | |

**AGREED JUDGMENT ORDER**

**THIS CAUSE** coming on to be heard on request of the parties, the parties being in agreement on resolution of this adversary proceeding and for entry of a judgment which finds a

portion of Debtor's debt to Plaintiffs nondischargeable, and parties to this action having been given due notice;

**IT IS HEREBY ORDERED:**

1. Judgment in the amount of $75,000.00 is entered in favor of Adversary Complainant Plaintiffs, TRUSTEES OF THE BRICKLAYERS AND ALLIED CRAFTSMEN LOCAL 74 FRINGE BENEFIT FUNDS (Funds) and against Andrzej Markow, individually. Said Judgment amount includes principal, interest and any and all other amounts the Funds may claim against Markow.

2. Enforcement on said judgment is stayed for so long as Markow makes monthly payments of one Thousand dollars ($1,000.00) per month for seventy-five months (75) to the Funds from September 1, 2006 – November 1, 2012.Each payment is payable to the Bricklayers 74 Welfare Fund and is to be delivered to the Law office of Arnold and Kadjan, 19 West Jackson Blvd, Third Floor, Chicago, IL 60604 on or before the first of every month beginning September 1, 2006.

3. If Markow fails to make any monthly installment when due, the Funds or their representatives shall give Markow and his counsel Paul M. Bach notice of default in payment. Markow shall give his residential address to the Funds attorney and this address shall be the address at which Markow is to receive notice of default. It shall be Markow's exclusive obligation to notify the Funds' attorney of any change in address. Markow shall have ten days after receiving the notice of default to cure the default. If the default is not cured within ten days of the notice of default, then the remaining amount owed on the judgment shall become immediately due and owing.

4. The parties acknowledge and the court finds that the debt recited in this judgment order, and as more fully set forth in the Amended Complaint, is non-dischargeable in the amount of $75,000 pursuant to 11 U.S.C. 523(a)(2)(A).

5. To the extent that the Funds have any claim against Markow in excess of $75,000.00, that amount over $75,000 is discharged pursuant to the Discharge Order in the Chapter 7 proceeding.

6. Markow shall provide to Funds counsel his residential address, cell phone number, residential phone number, employer's name, address and phone number and will update all of this information as pertinent within fourteen days of entry of this judgment order.

7. Markow agrees and the Court holds that the Funds may reinstate the District Court proceeding, Case Number 03 C 5526, previously stayed by Markow's Chapter 7 Petition, for the purpose of immediate entry of a judgment in that forum in favor of the Funds and against Markow consistent with the terms of this judgment order as well and for the purposes of enforcing the judgment therein. The Funds shall not enforce the judgment in the District Court, until such a time as Markow defaults under the terms of the judgment.

8. Markow agrees not to reenter the Plastering business as a contractor owner, shareholder, employee, consultant or in any other fashion nor have any relative of his enter the plastering business until the amount of the Agreed Judgment is paid in full.

9. If any part of this order is deemed unenforceable it shall not effect the enforceability of the remaining provisions of the order.

10. This court retains jurisdiction to enforce the terms of this order to the extent permitted under law.

11. The August 21, 2006 trial date is stricken.

12. This is a final and appealable order.

DATED: ______________________

ENTER: ______________________
HONORABLE JUDGE WEDOFF

AUG 10 2006

AGREED: ______________________ Date: August 9, 2006
Counsel for Plaintiffs
John F. Etzkorn
Donald D. Schwartz
Daniel J. Nickel
**ARNOLD AND KADJAN**
19 West Jackson Boulevard
Chicago, Illinois 60604
(312) 236-0415

AGREED: ______________________ Date: August 9, 2006
Counsel for Debtor, Andrzej Markow
Paul M. Bach
1955 Shermer Road
Suite 150
Northbrook, IL 60062
(847) 564.0808

12. This is a final and appealable order.

DATED: ______________________________

ENTER: ______________________________
**HONORABLE JUDGE WEDOFF**

AGREED: ______________________________ Date: August 9, 2006
Counsel for Plaintiffs
John F. Etzkorn
Donald D. Schwartz
Daniel J. Nickel
**ARNOLD AND KADJAN**
19 West Jackson Boulevard
Chicago, Illinois 60604
(312) 236-0415

AGREED: ______________________________ Date: August 9, 2006
Counsel for Debtor, Andrzej Markow
Paul M. Bach
1955 Shermer Road
Suite 150
Northbrook, IL 60062
(847) 564.0808